Dunlop vs. Schubert.

Dunlop, Respondent, vs. Schubert, Appellant.

*September 10 — September 23, 1897.*

*Judgment by default: Opening for surprise.*

Where an attorney sent to his client his bill for $217.34 for legal services and, the same not being paid immediately, brought a suit on it, not serving the complaint with the summons, and the de-fendant, after proposing to the plaintiff's attorney to pay in prop-erty, and asking for time, and receiving from such attorney a promise to see the plaintiff about it, neglected to defend, and heard nothing further until he learned that the plaintiff had taken judg-ment against him by default for $1,318.50, *held*, that upon defend-ant's motion made without delay, such judgment should be set aside on the ground of surprise.

Appeal from an order of the superior court of Milwaukee county: R. N. Austin, Judge. *Reversed.*

The plaintiff is an attorney at law. He attended to law business for the defendant. He sent the defendant a bill for his services, which amounted to $217.34. The bill was not paid at once, and the defendant found some fault with the amount of it. The plaintiff brought suit on it. The com-plaint was not served with the summons. The defendant asked time for settlement of plaintiff's attorney, and pro-posed to turn out property in payment. Plaintiff's attorney promised to see his client and inform defendant if further time could be had. No communication on the subject reached the defendant until he learned that the plaintiff had entered

judgment against him for $1,318.50, with costs. The defendant at once moved to set aside the judgment on the ground that the defendant was taken by surprise by the entry of a judgment much larger than the amount claimed by the plaintiff in his bill, and pending negotiations for a settlement. The motion was denied, and the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

For the respondent there was a brief by *Henry W. Dunlop, in pro. per.,* and *W. J. Turner,* of counsel, and oral argument by *Mr. Turner.* To the point that there was no abuse of discretion on the part of the trial court in denying defendant's motion to open the judgment, they cited *Wheeler & Wilson Mfg. Co. v. Monahan,* 63 Wis. 194, 195; *Breed v. Ketchum,* 51 id. 164; *Grootemaat v. Tebel,* 39 id. 576.

NEWMAN, J. The refusal to set aside the judgment was a manifest abuse of discretion. The judgment for so large a sum was, in the circumstances, a clear fraud upon the defendant. It is not tolerable on any permissible casuistry.

The bill of services rendered by the plaintiff to the defendant cannot be deemed as merely tentative and a proposition for compromise. On the other hand, on its face, it represented the extent of the plaintiff's claim, and the sum which he was willing to take for his services. It does not appear that he had, by mistake, made his estimate of the value of his services lower than they were worth. The bill was the result of consideration. *Prima facie,* it represented the legitimate amount of his claim. He should abide by it unless it was the product of a mistake. The chance offered by the defendant's default in the action did not, in the least, justify the use he made of it to increase his charges sixfold. Nor was it inexcusable negligence in the defendant to trust

that the plaintiff would take judgment for the amount of his bill only. That the judgment exceeded that sum might well be a surprise to him.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause remanded with directions to set aside the judgment and default and permit the defendant to defend the action.